IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:18CV33-FDW-DSC

| | |
|---|---|
| FRANCISCO CAVADAS,<br>   Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social Security Administration,**<br>   Defendant. | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 13, 2018. He assigns error to the Administrative Law Judge's ("ALJ") failure to properly evaluate medical opinions and to the formulation of his Residual Functional Capacity ("RFC").[2] Plaintiff's "Memorandum in Support …" at 4-14 (document #9). He also assigns error to the ALJ's failure to consult a Vocational Expert (V.E.) and instead relying solely on the Medical-Vocational Grids in finding him not disabled. Id. at 4, 14-16. The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff suffered from cerebellar ataxia,[4] which was a severe impairment (Tr. 20). However, the ALJ also found that none of Plaintiff's impairments, nor any combination thereof, met or equaled

---

[4] See DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 153 (28th ed. 1994) (defining cerebellar ataxia as marked hypotonia of muscles, asynergy, and a characteristic posture related to disease, tumor or trauma to the cerebellum).

4

any of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id. (Tr. 20). The ALJ then found that Plaintiff retained the RFC to perform the full range of light work.[5] Applying this RFC, the ALJ found that Plaintiff could not perform his past relevant work as a chemist. At step five, the ALJ used the Medical-Vocational Grids to determine that Plaintiff was not disabled.

In making his RFC determination, the ALJ discounted every medical opinion in the record, including these from Plaintiff's treating physicians as well as the non-examining medical experts. Each of those doctors found that Plaintiff suffered non-exertional limitations related to mobility – walking, balancing and climbing stairs in particular- and was at risk for falls. (Tr. 54-55, 63, 227-32, 318-20, 325-26, 332, 427-49, 492).

For example, on July 26, 2016, Dr. James M. Patton, Plaintiff's treating neurologist, opined "[t]here continues to be issues with coordination and ataxia. [Plaintiff] has had a couple falls and tends to lose balance particularly going up stairs." (Tr. 427). Dr. Patton repeated these restrictions in January, 2017, stating Plaintiff "has to use the hand rail on the stairs. This is the hardest task." (Tr. 492).

In discounting Dr. Patton's opinion, the ALJ stated only that "[p]hysical therapy records have indicated that the claimant demonstrated improved functional mobility, balance and a reduced risk for falls." (Tr. 23). Similarly, the ALJ found that the nonexertional limitations opined by the State Agency doctors were inconsistent with the improvement noted in the record. (Tr. 24). The ALJ cites no evidence showing that Plaintiff's mobility issues were resolved.

---

[5]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

In her brief, Defendant points to other evidence that she contends supports the ALJ's treatment of the medical opinions. In July 2016, Plaintiff's mental status examination was mostly normal and six months later he was discharged successfully from speech therapy. Physical examinations generally revealed normal posture, strength, tone, and range of motion. Defendant's "Memorandum …" at 9 (citing Tr. 231-34, 429, 450). None of this evidence addresses Plaintiff's limitations in walking, balancing, climbing stairs, or his risk for falls. Moreover, there is no indication that this evidence factored into the ALJ's decision. The Court declines to re-weigh the evidence and/or determine what treatment the ALJ would have given the medical opinions had he adequately developed the record. Brown v. Colvin, 639 Fed. Appx. 921, 2016 WL 502918, *1 (4th Cir. February 9, 2016) ("Brown's medical record is not so one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated. Further, we do not accept Brown's and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding … it was error for the district court to do so"). Instead, courts should "remand to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that … meaningful judicial review [may occur]." Id. at *2 (quoting Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) ("Just as it is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ] … it is also not our province—nor the province of the district court—to engage in these exercises in the first instance") (internal citation omitted).

Accordingly, the Court finds that the ALJ's RFC determination for a full range of light work is not supported by substantial evidence. Kirk v. Berryhill, No. 1:16-cv-18-MR, 2017 WL 990470, at *6-7 (W.D.N.C. Mar. 14, 2017) (remand warranted where ALJ did not give sufficient weight to any medical opinion and therefore his RFC determination was not supported by

substantial evidence).

The ALJ also erred by making the step five determination solely based upon the Medical-Vocational Grids. "Where, as here, a disability claimant is unable to engage in a full range of work at any given exertional level, the grids may not be used to direct a conclusion of not disabled." Davis v. Schweiker, 577 F. Supp. 498, 500 (W.D.N.C. 1984); see also 20 C.F.R. § 404.1569 9 (claimant is not deemed capable of performing the full range of work at an exertional level if both exertional and non-exertional impairments exist). When non-exertional as well as exertional limitations are present, the testimony of a V.E. is normally required. Hooper v. Heckler, 752 F.2d 83, 88 (4th Cir. 1985).

For those reasons, the undersigned respectfully recommends that this matter be remanded for a new hearing. In recommending remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a ruling on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #8) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #12) be **DENIED**; and the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[6]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

---

[6]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: October 10, 2018

David S. Cayer
United States Magistrate Judge

9